UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

                                         Case No.:    1-26-41358-ess

Tin Ming Cheng,                    Chapter:    7

                             Debtor.
-------------------------------------------------------X

## NOTICE OF MOTION FOR AN ORDER UNDER BANKRUPTCY CODE §§362(d)(1) AND 362(d)(2) MODIFYING THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that Wilmington Savings Fund Society, FSB, as trustee of Upland Mortgage Loan Trust A ("Movant") seeks relief from the automatic stay as to the property located at 4320 Colden Street, Flushing, NY 11355 (the "Property"), and will move before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge in the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201-1800 on **May 12, 2026 at 10:30 AM** (the "Hearing Date") or as soon thereafter as counsel may be heard for an Order:

1. Pursuant to Bankruptcy Rule 4001, 11 U.S.C.§§105(a) and 362(d)(1) and 362(d)(2), granting Movant, its successors and/or assigns, relief from the automatic stay due to the Debtor's failure to provide Movant with adequate protection for its security; and

2. Granting Movant such other and further relief as is just and proper under the circumstances of this case.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned counsel for the Movant seven (7) days prior to the Hearing Date.

All hearings before Judge Stong will be conducted in person or video, as the Court deems appropriate.

Whether the hearing is in person or by video, please use eCourt Appearances to register to appear at a hearing. To register, please provide your name, address, e-mail address, telephone number, and the party that you represent, if applicable. Please be sure to register at least two business days before your hearing. For video hearings, you will receive instructions on how to access the hearing via e-mail two business days before the hearing. On your hearing date, please connect at least ten minutes before your scheduled hearing time and keep your audio and video on mute until your case is called

If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. **In the event that you are not able to register online,** you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date.

Additional information about eCourt Appearances, including a tutorial on how to use the program, is available at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances.


Dated: Syosset, New York
 April 3, 2026

**Margolin, Weinreb & Nierer, LLP**

By:    */s/ Andrew Goldberg*
Andrew Goldberg, Esq.
Attorneys for Movant
575 Underhill Boulevard, Suite 224
Syosset, New York 11791
(516) 921-3838
andrew@nyfclaw.com

To:

Debtor:
Tin Ming Cheng
43-20 Colden Street
Flushing, NY 11355

Counsel for Debtor:
Kevin K Tung, Esq.
Kevin Kerveng Tung, P.C.
136-20 38th Avenue
Suite 3D
Flushing, NY 11354

Trustee:
Lori Lapin Jones
Lori Lapin Jones PLLC
98 Cutter Mill Road
Suite 255 South
Great Neck, NY 1102

US Trustee:
Office of the United States Trustee
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In re:

Tin Ming Cheng,

Case No.:    1-26-41358-ess
Chapter:    7

Debtor.

-----------------------------------------------------------X

## NOTICE OF MOTION FOR AN ORDER UNDER BANKRUPTCY CODE §§362(d)(1) AND 362(d)(2) MODIFYING THE AUTOMATIC STAY

Andrew Goldberg, Esq., the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1. I am an attorney with Margolin, Weinreb & Nierer, LLP, attorneys for Wilmington Savings Fund Society, FSB, as trustee of Upland Mortgage Loan Trust A (hereinafter the "Movant"), and as such am fully familiar with the facts and circumstances of this case.

2. I make this Affirmation in Support of the Movant's motion for an Order (i) terminating the automatic stay with respect to the property located at 64320 Colden Street, Flushing, NY 11355 (the "Property"); and (ii) granting Movant such other relief as the Court deems just. A copy of the order the proposed order is attached as **Exhibit A**.

### Background

3. Tin Ming Cheng (the "Debtors") executed and delivered or are otherwise obligated with respect to that certain Note and Mortgage (the "Note and Mortgage") dated March 5, 2007 in the original principal amount of $533,850.00. A copy of the Note and Mortgage are attached hereto as **Exhibit B**.

4. Movant is an entity entitled to enforce the Note.

5. All obligations (collectively, the "obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property.

6. All rights and remedies under the Mortgage have been assigned to Movant pursuant to those certain Assignments of Mortgage, copies of which are attached hereto as **Exhibit B**.

7. The Debtor subsequently entered into a Home Affordable Modification Agreement dated August 1, 2017, resulting in a new principal balance in the amount of $827,315.70. A copy of the Home Affordable Modification Agreement is attached hereto as **Exhibit B**.

8. As the loan became delinquent, Movant commenced a foreclosure action in the Supreme Court of the State of New York, County of Queens, on or about November 29, 2022.

9. A Judgment of Foreclosure and Sale was entered by the Hon. Anna Culley, J.S.C. on or about January 6, 2026. A copy of the Judgment of Foreclosure and Sale is attached hereto as **Exhibit C**.

Cause Exists to Terminate the Stay under Bankruptcy Code §362(d)(1)

10. Bankruptcy Code §362(d)(1) provides, in pertinent part, that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property…"

11. According to the Motion for Relief District Worksheet, the Debtor has failed to make timely, ongoing contractual payments, thereby causing the underlying account to be due for the monthly payments due May 1, 2022, up through and including the date of the instant motion. A copy of the District Worksheet is attached hereto as **Exhibit D**.

5

12. Pursuant to the Worksheet, the total amount of contractual arrears owed as of March 27, 2026 is $179,340.12. The total debt owed to Movant as of March 27, 2026 is $218,313.02. See **Exhibit D**.

13. The unpaid principal balance as of March 16, 2026 is $1,032,406.83. See **Exhibit D**.

14. As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to the Movant. In *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y 1993), the Eastern District of New York held that "[s] debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay." The court in *In re Taylor* further held that once a mortgagee makes a prima facie showing of "cause" permitting lifting of the automatic stay based on the Chapter 13 debtor's failure to make mortgage payments, "it was incumbent upon [the debtor] to establish that the [mortgage's] interest in the property was adequately protected," and if the debtor fails to do so, the mortgage is entitled to relief from the automatic stay. *In re Taylor*, 151 B.R. at 648.

15. Here, the Debtor has failed to tender contractual mortgage payments that became due on May 1, 2022. See **Exhibit D**.

16. As a result, relief from stay is warranted pursuant to §362(d)(1)

Cause Exists to Terminate the Stay under §362(d)(2)

17. In addition, the Movant also seeks relief from the automatic stay because there is insufficient equity in the Property and the Property is not necessary to an effective reorganization.

18. Bankruptcy Code §362(d)(2) provides that the court shall grant relief from the stay …. "with respect to a stay of an act against property under subsection (a) of this section, if – (A)

the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization..."

19. In *United Sav. Ass'n of Tex v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 484 U.S. 365, 375-76 (1988), in the context of a Chapter 11 bankruptcy case, the United States Supreme Court explained that the term "necessary to an effective reorganization" in Bankruptcy Code §362(d)(2)(B) means there "must be a reasonable possibility of a successful reorganization within a reasonable time," and that the property at issue is necessary to that reorganization.

20. In *In re Timbers of Inwood Forest Assocs., Ltd.*, the United States Supreme Court further provided:

> it is the burden of the debtor to establish that the collateral at issue is "necessary to an effective reorganization." See 11 U.S.C. §362(g). What this requires is not merely showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect.* *In re Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. at 375-76 (emphasis in the original).

21. Here, according to a recent valuation, the value of the Property is approximately $1,181,000.00. A copy of valuation is attached as **Exhibit E**.

22. Thus, when considering the Movant's mortgage with a payoff amount of $1,032,406.83 and the valuation of the Property at approximately $1,181,000.00, insufficient equity exists in the Property and it is not necessary for the Property to be maintained by the estate.

23. Movant respectfully requests that the Proposed Order grant reasonable attorneys' fees in the sum of $1,225.00 plus the $199.00 filing fee for a total of $1,424.00 will be incurred in connection with seeking relief in this Motion.

24. Carrington Mortgage Services, LLC services the underlying mortgage loan and note for the property referenced in this motion for Movant. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtors obtain a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is endorsed in blank. Movant is the beneficiary or the assignee of the Deed of Trust.

**WHEREFORE**, it is respectfully requested that this Court enter an Order terminating or modifying the automatic stay and granting the following:

1. Relief from the stay pursuant to Bankruptcy Code §362(d)(1) and (2) for the Debtor's failure to provide adequate protection to the Movant with regard to the Property; and

2. For such other relief as the Court deems proper.

Dated: Syosset, New York  
April 3, 2026

**Margolin, Weinreb & Nierer, LLP**

By:  /s/ *Andrew Goldberg*  
Andrew Goldberg, Esq.  
Attorneys for Movant  
575 Underhill Boulevard, Suite 224  
Syosset, New York 11791  
(516) 921-3838  
andrew@nyfclaw.com