EXHIBIT C

**FILED & RECORDED**
1/9/2026
9:27 AM
COUNTY CLERK
QUEENS COUNTY

Sequence#2

At I.A.S. Part 27 of the Supreme Court of the State of New York, held in and for the County of Queens, at the Queens Courthouse thereof, located at 88-11 Sutphin Blvd., Jamaica, NY 11435 on the 6 day of January, 2025 6

PRESENT: Hon. Anna Culley,

JUSTICE OF THE SUPREME COURT

-------------------------------------------------X

WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF UPLAND MORTGAGE LOAN TRUST A,

Plaintiff,

-against-

TIN MING CHENG; TD BANK N.A., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; GASTAR INC.; WORKERS COMPENSATION BOARD OF NEW YORK STATE; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; JOHN DOE, NAME REFUSED, S/H/A JOHN DOE 1; JOHN DOE, NAME REFUSED, S/H/A JOHN DOE 2; JOHN DOE, NAME REFUSED, S/H/A JOHN DOE 3; JOHN DOE; NAME REFUSED S/H/A JOHN DOE 4; JANE DOE, NAME REFUSED, S/H/A JANE DOE 1;

Defendant(s).

-------------------------------------------------X

INDEX NO: 725107/2022

JUDGMENT OF FORECLOSURE AND SALE

Property Address: 43-20 Colden Street, Flushing, New York 11355

County: Queens
Block: 5141, Lot: 10

Mortgage Servicer: Carrington Mortgage Services, LLC
Mortgage Servicer Phone #: 800-561-4567

UPON the Summons, Complaint, and Notice of Pendency filed in this action on the 29th day of November, 2022, the Notice of Motion dated ~~November 20, 2025~~ March 24, 2025, the affirmation by Sandy J. Stolar, Esq., the affidavit of merit and amount due by Elizabeth Corral who is Default Fulfillment Manager of Carrington Mortgage Services, LLC, duly sworn to on June 20, 2023, together with the exhibits annexed thereto, all in support of Plaintiff's motion for a Judgement of Foreclosure and Sale; and

UPON proof that each of the defendants herein has been duly served with the Summons and Complaint in this action, and has not served any answer to the Complaint or otherwise

1

appeared, nor had their time to do so extended; and it appearing that more than the legally required number of days has elapsed since defendants Tin Ming Cheng, TD Bank, N.A., New York State Department of Taxation and Finance, Gastar Inc., New York City Environmental Control Board, New York City Transit Adjudication Bureau, John Doe, Name Refused, s/h/a John Doe 1, John Doe, Name Refused, s/h/a John Doe 2, John Doe, Name Refused, s/h/a John Doe 3, John Doe, Name Refused s/h/a John Doe 4 and Jane Doe, Name Refused, s/h/a Jane Doe 1 were so served and/or appeared]; and Plaintiff having established to the court's satisfaction that a judgment against defendants is warranted; and

UPON the affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii); and

UPON proof that non-appearing defendants Tin Ming Cheng, TD Bank, N.A., New York State Department of Taxation and Finance, Gastar Inc., New York City Environmental Control Board, New York City Transit Adjudication Bureau, John Doe, Name Refused, s/h/a John Doe 1, John Doe, Name Refused, s/h/a John Doe 2, John Doe, Name Refused, s/h/a John Doe 3, John Doe, Name Refused s/h/a John Doe 4 and Jane Doe, Name Refused, s/h/a Jane Doe 1 are not absent, in accordance with RPAPL §132(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Stephanie Goldstone, Esq., dated  March 18, 2025 showing the sum of $957,260.11due as of  August 31, 2024        and that the mortgaged property may not be sold in parcels; and

UPON proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein; and

UPON reading and filing the decision of the Court dated October 20, 2025;

NOW, on motion of attorneys for the plaintiff, it is

ORDERED, that the motion is granted without opposition; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report of Stephanie Goldstone, Esq., dated March 18, 2025, be, and the same is, hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the Queens County Supreme Court located at 88-11 Sutphin Boulevard, Jamaica, New York 11435, at a day, time and location to be designated ------- by and under the direction of Stephanie Goldstone, Esq.

REFEREE

_____ who is hereby appointed Referee for that purpose; that said Referee give

JSC

public notice of the time and place of sale in accordance with RPAPL §231 in

newspaper Newsday-Queens Edition
6 Corporate Center Dr.
Melville, NY 11747 _____ and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2(c) ("Disqualifications from appointment") and §36.2(d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

3

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, by certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, that the Referee shall comply with the Eleventh Judicial District's Policies concerning Public Auctions of foreclosed properties, including the new policy authorizing remote bidding. If the Referee is unwilling or unable to comply with such provisions, including but not limited to the ability to accept wire transfers, the Referee shall notify the court immediately. These policies, along with the Queens County Foreclosure Auction Rules, can be found on the Queens Supreme Court - Civil Term website;

4

ORDERED, ADJUDGED AND DECREED that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down

bank payment and proceeds of sale, as necessary, in Flagstar Bank 118-35 Queens Blvd. in his/her own name as 4th Floor Forest Hills, NY 11375 Referee, in accordance with CPLR 2609; and it is further

ORDERED, ADJUDGED AND DECREED that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all

taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee then deposit the balance of

bank

said proceeds of sale in her/his own name as Referee in Flag Star Bank 118-35 Queens Blvd. Forest Hills, NY 11375 , and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance

Add'l Ref Fee

J.S.C.

with CPLR 8003(b), in the sum of $750.00. In the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $ 350.00 for each adjournment or cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments, and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not become absolute, and any other amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies

of which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

Amount due per Referee's Report: $957,260.11 with interest at the note rate from September 1, 2024, together with any advances as provided for in the

note and mortgage which Plaintiff has made for taxes, insurance, principal, and

interest, and any other charges due to prior mortgages or to maintain the property

pending consummation of this foreclosure sale, not previously included in the

computation, upon presentation of receipts for said expenditures to the Referee,

all together with interest thereon pursuant to the note and mortgage, and then with

interest from the date of entry of this judgment at the statutory rate until the date

the deed is transferred;

CC

Costs and Disbursements: $ 2,546.00 adjudged to the

Plaintiff for costs and disbursements in this action to be taxed by the Clerk and inserted

herein, with interest at the statutory-judgment rate from the date of entry of this judgment;

J.S.C.

Additional Allowance: $ 300.00 is hereby awarded to Plaintiff

in addition to costs, with interest at the statutory judgment rate from the date of

entry of this judgment, pursuant to CPLR Article 83;

J.S.C.

Attorney Fees: $ 5,225.00 is hereby awarded to Plaintiff

as reasonable legal fees herein, with interest at the statutory rate from the date of entry of

this judgment;

FIFTH: Surplus monies arising from the sale shall be deposited with the Queens County Clerk by the officer conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First", "Second", "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above,

Plaintiff may seek to recover a deficiency judgment against TIN MING CHENG in accordance with RPAPL §1371 if permitted by law; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the Queens County Clerk a report under oath of the

9

disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 43-20 Colden Street, Flushing, New York 11355.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

_Audrey L Pheffer_
Clerk of the County of Queens
sg

ENTER:

_Anna Culley_
Justice of the Supreme Court

**FILED & RECORDED**
1/9/2026
9:27 AM
COUNTY CLERK
QUEENS COUNTY

EXHIBIT A (Legal Description)

All that certain plot, piece, or parcel of land, situate, lying, and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

Beginning at a point on the westerly side of Colden Street, distant 177.07 feet southerly from the corner formed by the intersection of the westerly side of Colden Street and the southerly side of Cherry Avenue;

Running thence westerly at right angles to Colden Street and part of the distance through a party wall, 90 feet;

Thence southerly parallel with Colden Street, 20 feet;

Thence easterly again at right angles at Colden Street and part of the distance through party wall, 90 feet to the westerly side of Colden Street;

Thence northerly along the westerly side of Colden Street, 20 feet to the point or place of beginning.